UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bahaadur 'Aalim Abd'ul'ahad, <br><br> PLAINTIFF <br><br> v. <br><br> Chesterfield Convalescent Center, Grace M. Villafranca, Administrator, Shannon Bennett, Administrator, Kimberly Wilcox, Administrator, Convalescent Center, now the Rehabilitation Center of Cheraw, Cheraw Police Department, Chief Keith Thomas, Town of Cheraw, Kiser Funeral home Inc., Kip Kiser, John James, Department of Social Services, D.S.S., Headquarters, Pee Dee Ombudsman Goria Zabawa, Department of Health and Environmental Control, (D.H.E.C.), Regency SouthernCare Hospice, Services, Grooms Funeral Home, State Law Enforcement Division (S.L.E.D.), <br><br> DEFENDANTS | Case No. 4:22-CV-00389-TLW <br><br><br> **Order** |

Bahaadur 'Aalim Abd'ul'ahad, proceeding *pro se*, filed this action against the above listed defendants, and this matter was assigned to the magistrate judge. ECF No. 1. On February 14, 2022, the magistrate judge ordered Plaintiff to file an amended complaint. ECF No. 7. The magistrate judge's proper form order was very specific and detailed as to why the filed complaint was subject to dismissal. Specifically, the reasons were (1) based on the facts alleged in the complaint, this Court lacks diversity jurisdiction; (2) based on the facts alleged in the complaint, this Court lacks federal question jurisdiction; (3) Plaintiff's claim is barred by South

1

Carolina's three-year statute of limitation based on the facts alleged in the complaint; (4) Plaintiff cannot sue nonstate actors (nursing homes, nursing home employees, and funeral homes) pursuant to section 42 U.S.C. § 1983; (5) Plaintiff cannot sue for prosecution or non-prosecution; (6) Plaintiff's state law claims are not cognizable in federal court where there is no diversity jurisdiction; (7) Plaintiff names multiple defendants against whom there are no allegations and a plaintiff in a § 1983 action has the burden to allege facts demonstrating that an official personally caused or played a role in the depravation of a federal right; (8) Plaintiff has sued state agencies (SLED, DHEC, DSS) who are immune, and (9) Plaintiff has brought claims pursuant to an Illinois law. *Id.* From March 9, 2022 to September 9, 2022, Plaintiff requested five extensions to file an amended complaint despite the magistrate judge explicitly warning him on August 29, 2022 that no further extensions would be granted. ECF Nos. 10, 15, 23, 32, 33, & 35.

The matter now comes before the Court for review of the Report and Recommendation ("Report") filed by the magistrate judge to whom this case was assigned. In the Report, the magistrate judge recommends that Plaintiff's action be dismissed in its entirety without prejudice due to Plaintiff's failure to comply with numerous court-ordered deadlines. ECF No. 39 at 4. Plaintiff then filed objections to the Report. ECF No. 42. Plaintiff acknowledges that he has not filed an amended complaint. Moreover, his objections do not specifically address the issues raised in the Report. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

2

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 39, is **ACCEPTED**. Plaintiff's objections, ECF No. 42, are **OVERRULED**. Accordingly, for the reasons set forth in the Report, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

November 10, 2022
Columbia, South Carolina

3